IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GUADALUPE SOLIS ALVAREZ,

      Petitioner,                    No. CIV S-09-0121 MCE EFB P

    vs.

G. ADAMS,

      Respondent.                 FINDINGS AND RECOMMENDATIONS

_____/

       Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Currently pending before the court is respondent's motion to dismiss this action on the grounds that the petition is second or successive and was filed beyond the one-year statute of limitations. *See* 28 U.S.C. §§ 2244(b), (d). Petitioner opposes the motion. As explained below, the petition is second or successive and this court lacks jurisdiction to consider it. Respondent's motion to dismiss must therefore be granted.

**I.    Second or Successive Petitions**

       A petition is second or successive if it makes "claims contesting the same custody imposed by the same judgment of a state court" that the petitioner previously challenged, and on which the federal court issued a decision on the merits. *Burton v. Stewart*, 549 U.S. 147 (2007); *see also Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000). Before filing a second or successive

1

petition in a district court, a petitioner must obtain from the appellate court "an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).  Without an order from the appellate court, the district court is without jurisdiction to consider a second or successive petition.  *See Burton*, 549 U.S. 147.

## II.  Discussion

On October 23, 2001, petitioner pled no contest to one count of forcible lewd acts on a child and one count of child rape.  Resp.'s Mot. to Dism., Docs. Lodg. in Supp. Thereof ("Lodg. Doc.") 1, 2.  He was sentenced to an indeterminate state prison term of 18 years to life.  *Id.*  Petitioner appealed.  Lodg. Doc. 2.  On May 9, 2003, the California Court of Appeal, Third Appellate District, affirmed the judgment.  *Id.*  Petitioner sought review in the California Supreme Court, which was denied on July 23, 2003.  Lodg. Docs. 3, 4.

On March 22, 2005, petitioner filed a petition for writ of habeas corpus in this district challenging that judgment of conviction.  Lodg. Doc. 7 (*Alvarez v. Yates*, No. Civ-S-05-0689 JAM CMK ("*Alvarez*"), Dckt. No. 1).  On March 29, 2006, judgment was entered dismissing the petition as untimely and the district judge declined to issue a certificate of appealability.  Lodg. Docs. 8 (*Alvarez*, Dckt. No. 39), 9 (*Alvarez*, Dckt. No. 34-36).

In his opposition, petitioner concedes that the instant petition challenges the same conviction and sentence that he previously challenged in *Alvarez*.  Dckt. No. 20 at 6.  Petitioner argues, however, that the instant petition is not successive because the first petition was denied as untimely, as opposed to "on the merits."  *Id.* at 8.  Petitioner is mistaken, as "dismissal of a habeas petition as untimely constitutes a disposition on the merits and [] a further petition challenging the same conviction [is] 'second or successive' for purposes of 28 U.S.C. § 2244(b)."  *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *see also Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) (dismissal of habeas petition as time barred "constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b).").

1   The instant petition is second or successive, as petitioner challenges the same judgment
2 now that he previously challenged and which was denied in an order that constitutes an
3 adjudication on the merits. The record further reflects that the Court of Appeals for the Ninth
4 Circuit denied petitioner's application for authorization to file a second or successive petition.
5 Dckt. No. 21, Ex. C. Since petitioner has not demonstrated that the appellate court has
6 authorized this court to consider a second or successive petition, this action must be dismissed
7 for lack of jurisdiction. *See Burton*, 549 U.S. 147; *Cooper v. Calderon*, 274 F.3d 1270, 1274
8 (9th Cir. 2001) (per curiam). Consequently, respondent's motion to dismiss should be granted.
9   Accordingly, it is hereby RECOMMENDED that:
10   1. Respondent's October 16, 2009 motion to dismiss be granted; and
11   2. This action be dismissed on the ground that the petition is second or successive and
12 petitioner has not demonstrated that the Ninth Circuit has granted him leave to file it in this
13 court.
14   These findings and recommendations are submitted to the United States District Judge
15 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
16 after being served with these findings and recommendations, any party may file written
17 objections with the court and serve a copy on all parties. Such a document should be captioned
18 "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections
19 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
20 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In
21 his objections petitioner may address whether a certificate of appealability should issue in the
22 event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing
23 Section 2254 Cases (the district court must issue or deny a certificate of appealability when it
24 enters a final order adverse to the applicant).
25 Dated: August 11, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3